```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| IN RE PETITION FOR LEAVE TO ) | Misc. Business |
| FILE BY ENJOINED LITIGANT   ) | No. 22-91009-PBS |

**ORDER**

January 26, 2022

SARIS, D.J.

Petitioner Oak-Hee Kim ("Kim"), also known as Oak-Hee Ruesch, is a frequent pro se litigant who has been enjoined from filing new actions in the United States District Court for the District of Massachusetts without obtaining leave of court. See Kim v. Mass. Comm'n Against Discrimination, et al., C.A. No. 15-12309-WGY (Dec. 5, 2017, ECF No. 10); Ruesch v. Goodhue, et al., C.A. No. 04-12390-NG (Nov. 17, 2004, ECF No. 7).

On January 6, 2022, Kim filed a petition seeking leave to file a complaint accompanied by motions to appoint counsel and for leave to proceed in forma pauperis. In her petition, Kim states that she seeks "Judicial Review." Kim's proposed complaint consists primarily of a recounting of events arising during her tenancies with the Wellesley Housing Authority ("WHA") and the Newton Housing Authority ("NHA") as well as her unsuccessful efforts to seeks redress in administrative and judicial forums. The nine named defendants in the proposed complaint are (1) Hon. George A. O'Toole; (2) Kevin Hempe,

guardian ad litem; (3) Stephen Mathews, legal services attorney; (4) Cynthia Hawe, WHA executive director; (5) Jonathan L. Hacker, former NHA executive director; (6) Harvey Epstein, former NHA executive director; (7) Tony Pugliese, NHA employee; (8) Ivan Santiago, NHA employee; and (9) John Egan, NHA attorney.

The Court's records indicate that Kim has previously filed several other actions in this Court stemming from the events alleged in the proposed complaint.  See Ruesch v. Dillon, et al., C.A. No. 00-12163-NG; Ruesch v. Wellesley Hous. Auth., C.A. No. 02-12382-NG; Ruesch v. Malerba, et al., C.A. No. 03-12036-NG; Ruesch v. Goodhue, et al., C.A. No. 04-11166-NG; Ruesch v. Goodhue, et al. C.A. No. 04-12390-FDS; Kim v. Newton Hous. Auth., et al., C.A. No. 15-11487-GAO; Kim v. Newton Hous. Auth., et al., C.A. No. 15-11817-GAO.

The doctrine of claim preclusion, or res judicata, prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate."  Taylor v. Sturgell, 553 U.S. 880, 892 (2008).  Claim preclusion requires proof "that (1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." Metzier Asset Mgmt. GmbH v. Kingsley, 928 F.3d 151, 156 (1st

Cir. 2019) (internal quotation marks omitted). "The principle of collateral estoppel, or issue preclusion ... bars relitigation of any factual or legal issue that was actually decided in previous litigation between the parties, whether on the same or a different claim." Keystone Shipping Co. v. New England Power Co., 109 F.3d 46, 51, (1st Cir. 1997).

Here, Kim again seeks to bring suit concerning events that took place from 2002 - 2015. The fact that her prior cases were dismissed has not deterred Kim from continuing to seek relief from this federal court. Kim's proposed complaint is barred by the doctrines of claim and/or issue preclusion.

Accordingly,

1   The Motion for Leave to Proceed in forma pauperis is GRANTED.

2.   The Motion for Appointment of Counsel is DENIED.

3.   The Petition for Leave to File is DENIED and the Clerk shall terminate this matter on the Court's docket.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE